NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1995
_____

OUSMANE DOUMBIA,
                                    Petitioner
v.

ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA,
                                    Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A088-551-849)
Immigration Judge:  Honorable Margaret R. Reichenberg
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 1, 2011
Before:  SLOVITER, CHAGARES and WEIS, Circuit Judges
Opinion filed:  April 7, 2011
_____

OPINION
_____

PER CURIAM.

        Ousmane Doumbia, a citizen of the Ivory Coast, petitions for review of a

final order of removal.  We will deny the petition for review.

        Doumbia entered the United States without authorization, and he was

served with a Notice to Appear in November 2006.  The Department of Homeland

Security charged Doumbia with removability under section 212(a)(6)(A)(i) of the

Immigration and Nationality Act (INA), 8 U.S.C. § 1182(a)(6)(A)(i), as an alien present in the United States without being admitted or paroled. Doumbia conceded removability but filed an application for asylum, withholding of removal, and Convention Against Torture (CAT) relief. Doumbia claimed that he was persecuted in the Ivory Coast, and fears future persecution, due to his membership in the RDR, a political party, and his Dioula ethnicity.

After an evidentiary hearing, an Immigration Judge (IJ) denied all relief to Doumbia. The IJ first rejected Doumbia's asylum claim on the ground that he had not filed his asylum application within one year of arriving in the United States, as required by section 208(a)(2)(B). The IJ then determined that Doumbia lacked credibility and thus denied withholding of removal. Among other things, the IJ observed that Doumbia had provided inconsistent accounts of the circumstances surrounding his alleged escape from detention and the punishment he suffered while detained. The IJ also denied Doumbia's request for relief under the CAT because Doumbia had failed to show that it was more likely than not that he would be tortured by the government if he returned to the Ivory Coast.

Doumbia sought review with the BIA, which dismissed his appeal. The BIA concluded that "the serious inconsistencies found in the respondent's testimony support[] the Immigration Judge's adverse credibility finding." Given the adverse credibility determination, the BIA held that Doumbia failed to carry his burden of proof for withholding of removal. The BIA also noted that the IJ had properly performed an

independent evaluation of Doumbia's CAT claim, and held that Doumbia had provided no basis for it to disturb the IJ's conclusion that the claim lacked merit. Doumbia timely filed a petition for review in this Court.

We have jurisdiction under section 242 to review final orders of removal issued by the BIA. However, as Doumbia acknowledges, we lack jurisdiction to review the agency's determination that his asylum petition was untimely. See Issiaka v. Att'y Gen., 569 F.3d 135, 138 (3d Cir. 2009). Therefore, we review only the BIA's denial of withholding of removal and protection under the CAT.

Where, as here, the BIA has based its decision on the IJ's adverse credibility analysis, we may review the opinions of both the BIA and the IJ. Thu v. Att'y Gen., 510 F.3d 405, 412 (3d Cir. 2007). We review agency factual determinations, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." INA § 242(b)(4)(B). Although adverse credibility determinations cannot be based on speculation or conjecture, "such a finding will be afforded substantial deference where it is grounded in evidence in the record and where the IJ provides specific, cogent reasons for her determination." Adbulrahaman v. Ashcroft, 330 F.3d 587, 597 (3d Cir. 2003).

Because Doumbia filed his asylum application after May 11, 2005, the provisions of the REAL ID Act governing credibility determinations apply. See Chukwu v. Att'y Gen., 484 F.3d 185, 189 (3d Cir. 2007). Prior to the implementation of the

3

REAL ID Act, minor omissions or inconsistencies that did not go to the heart of an asylum applicant's claim were insufficient to support adverse credibility determinations. See Gao v. Ashcroft, 299 F.3d 266, 272 (3d Cir. 2002). Under the REAL ID Act, meanwhile, a trier of fact may base a credibility determination on any inconsistencies, without regard to whether they relate to the heart of the alien's claim. INA § 208(b)(1)(B)(iii); see also § 241(b)(3)(C) (providing that same standards apply to withholding-of-removal claims). We have not applied the REAL ID Act standard in a precedential opinion. Here, as the BIA noted, the inconsistencies that it found relate to the heart of Doumbia's claims for relief, and would thus support an adverse credibility determination even under the pre-REAL ID Act standard. Accordingly, we need not consider here whether 8 U.S.C.§ 1158(b)(1)(B)(iii) is consistent with due process.

We conclude that substantial evidence supports the agency's decision to reject Doumbia's credibility. In an affidavit he provided in support of his asylum application, he provided the following account of his experiences: The police in the Ivory Coast detained him, and during the detention, his captors struck him with a club. On the seventh day of his detention, the guards shot and killed four prisoners in his presence. The next morning, there was a riot in the prison. The rioters demolished the

prison doors, allowing Doumbia to escape.[1]  At the start of the hearing before the IJ, Doumbia testified that this statement was complete and accurate.  However, at the hearing, he gave a much different account of his detention.  He claimed that while imprisoned, he was stabbed in the foot with a knife, which pierced all the way to the bone.  On the sixth day of his detention, the guards told him that the next day, they would kill all of the prisoners.  Doumbia thus decided to escape.  His prison door was not locked and there was no security, so he was able simply to let himself out and leave the prison. Thus, he provided inconsistent explanations of both what he experienced while detained and how he ultimately escaped detention.

Doumbia's alleged detention is central to his claim that he was persecuted in the Ivory Coast, and the fact that he gave vastly different accounts of how it transpired supports the adverse credibility determination.  See, e.g., Dia v. Ashcroft, 353 F.3d 228, 249 (3d Cir. 2003).  The record also supports the additional inconsistencies that the BIA and IJ identified:  the inconsistency between his testimony that he had been stabbed in the foot and the doctor's statement he provided to support his claim, which said that Doumbia reported sustaining the injury through being tied up; as well as Doumbia's varying explanations at the hearing for why he had not presented any materials supporting his claim.

---

[1]  This affidavit actually represented Doumbia's second effort to tell his story.  He initially submitted a bare-boned statement that described his detention in much more innocuous terms.  Because he updated the statement before the hearing, the IJ did not focus on this initial account.

Doumbia argues that the BIA erred in concluding that he was not credible because, while there were admittedly "some inconsistencies" between his statement and his testimony, those were caused by a language barrier. Contrary to this argument, however, Doumbia testified that his affidavit had been explained to him in his native language. The BIA's conclusion that Doumbia did not provide an adequate explanation for the significant problems with his evidence is supported by substantial evidence. Because Doumbia failed to provide credible testimony in support of his withholding-of-removal claim, he was not entitled to relief, and we will deny his petition for review on this claim. See Tarrawally v. Ashcroft, 338 F.3d 180, 186 (3d Cir. 2003).

Doumbia also argues that the agency wrongly denied his CAT claim solely on the adverse credibility finding, rather than conducting the independent analysis that our case law requires. We disagree. As the BIA accurately explained, "the Immigration Judge provided an independent analysis of his request for protection under the CAT, which included a review of the relevant background information." We likewise conclude that substantial evidence supports the BIA's finding that the materials Doumbia submitted do not show that he is "more likely than not" to be tortured if returned to the Ivory Coast. 8 C.F.R. § 208.16(c)(2); see also Zubeda v. Ashcroft, 333 F.3d 463, 478 (3d Cir. 2003) (explaining that "reports of generalized brutality within a country" are not enough to qualify for relief under the CAT).

Accordingly, we will deny the petition for review.